UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 16-10220-MLW |
| ) | |
| MARK A. JONES, ) | |
| Defendant. ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1. On July 29, 2016, the United States Attorney for the District of Massachusetts filed a two-count Information, charging defendant Mark A. Jones (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One), and Monetary Transactions in Proceeds of Specified Unlawful Activity, in violation of 18 U.S.C. § 1957 (Count Two).

2. The Information also contained a Wire Fraud forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

3. The Information also contained a Money Laundering forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the

forfeiture, upon conviction of the Defendant of the offense alleged in Count Two, of any property, real or personal, involved in such offense, and any property traceable to such property.

4. The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p).

5. On September 16, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on July 29, 2016.  *See* Docket No. 22.  In Section 8 of the plea agreement, the Defendant agreed to the entry of a forfeiture money judgment equal to the total amount of proceeds that the Defendant derived from or was traceable to the commission of his offenses, which is approximately $3,794,039.21 in United States currency.[1]  *Id.* at 7.

6. Based on the Defendant's admissions in the written plea agreement and his guilty

---

[1] Between 2008 and 2015, the Defendant raised approximately $11,804,706.26 as a result of his offense conduct.  However, the Defendant paid back a significant amount of funds, leaving $3,749,039.21 in losses to the victims in this case.  Therefore, although the United States is entitled to a forfeiture money judgment in the amount of $11,804,706.26, which represents the gross proceeds of his offenses, the United States only seeks a forfeiture money judgment in the amount of $3,749,039.21.

plea on September 16, 2016, the United States has established the requisite nexus between the offenses to which the Defendant pled guilty and the amount of proceeds traceable to the Defendant's offenses and is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $3,794,039.21 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).  This amount represents the proceeds of the Defendant's crimes.

7. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

8. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

9. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m) and 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also, United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the

United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).   In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) retain jurisdiction for the purpose of enforcing the Order of Forfeiture (Money Judgment);

(c) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment(s) entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ *Doreen M. Rachal*
SARAH E. WALTERS
ERIC A. FORNI
DOREEN M. RACHAL, B.B.O. # 667837
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: December 16, 2016                    Doreen.Rachal@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing Motion for Order of Forfeiture (Money Judgment), as well as the proposed Order of Forfeiture (Money Judgment), were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                           /s/ *Doreen M. Rachal*
                                                           DOREEN M. RACHAL
Dated: December 16, 2016                         Assistant U.S. Attorney