**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MARK A. JONES,<br><br>                Defendant. | 16-CR-10220-MLW |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM

On December 16, 2016, Mark Jones (the "defendant") submitted a sentencing memorandum, which included as an exhibit a psychiatric evaluation from Dr. Roger H. Gray. Dkt. Nos. 50 and 50-1.[1] The defendant argues for a period of incarceration of one year and one day, in part based on Dr. Gray's opinion that the defendant suffered from the "substantially diminished . . . capacity to comport his behavior within the requisites of the law."[2] See Dkt. Nos. 50 at 2 and 50-1 at 8. The government believes that a sentence of 50 months of incarceration, which is below the GSR, is reasonable and appropriate for the reasons detailed in the Government's Sentencing Memorandum. As set forth below, the defendant failed to demonstrate sufficient grounds for a further reduction to a prospective period of incarceration on the basis of his psychiatric evaluation, or based on any other factors.

---

[1] Dr. Gray's psychiatric report was disclosed to the government for the first time when it was filed in connection with the defendant's sentencing memorandum.

[2] Based on the defendant's criminal history category of I, the United States Sentencing Guidelines ("Guidelines" or "USSG") Range ("GSR") is 70 to 87 months in prison. See Dkt. No. 48 at 1.

I.      **Response to Dr. Gray's Report**

Dr. Gray's report is striking because it contains essentially no substantive discussion of any symptoms or analysis that leads to his ultimate conclusion that the defendant suffers from "Unspecified Depressive Disorder," diagnosed—for the first time—by Dr. Gray following the defendant's arrest in this case. It does not take an expert to note the superficial nature of the report and the after-the-fact diagnosis.

Furthermore, the majority of the eight page report is dedicated to rehashing biographical information regarding the defendant, which is set forth in the draft pre-sentence report ("PSR"). Dr. Gray's report goes on to discuss the defendant's alcoholism, which, as described in more detail below, does not justify a downward departure here, and the report also identifies a series of unremarkable observations regarding the defendant's demeanor.

All that said, taking Dr. Gray's statements and conclusion at face value, his report does not support the type of departure and/or variance the defendant now seeks. To the contrary, as set forth below, the opinions in the report provide further support for the government's recommendation of a variance to 50 months of incarceration.

II.     **Section 5K2.13 of the Guidelines Does Not Apply**

Section 5K2.13 of the November 1, 2014 Guidelines states, in pertinent part, that "[a] downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."[3] The Application Note to USSG § 5K2.13 defines "significantly reduced mental capacity" as the "significantly impaired

---

[3] As set forth in the Government's Sentencing Memorandum, the parties agreed to apply the November 1, 2014 Guidelines. See Dkt. No. 48 at 1, 7.

ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

Dr. Gray opines that an "Unspecified Depressive Disorder" and an "Alcohol Use Disorder" substantially diminished the defendant's capacity to comport his behavior within the requisites of the law. See Dkt. No 50-1 at 7-8. However, Dr. Gray's opinion is not premised on sufficient evidence to warrant a downward departure pursuant to USSG § 5K2.13.

Indeed, the defendant, by his own admission, did not suffer from diminished mental capacity during the pendency of his misconduct. See PSR ¶ 57. Dr. Gray also concedes that the defendant understands the wrongfulness of his behavior, and Dr. Gray offers no findings that suggest that the defendant could not control his illegal conduct. See Dkt. No. 50-1 at 5 (the defendant has "[g]uilt, shame, regret, and remorse for profoundly hurting the people from whom he had taken money, with *particular awareness* that he had deprived them of funds necessary for retirement and daily living . . . [h]is thinking was *clear, linear, and logical*, without evidence of delusions, paranoia, blaming others, or distortions") (emphasis added).[4]

Moreover, Dr. Gray's finding that the defendant's alcohol abuse may have contributed to the defendant's misconduct has no bearing here. See USSG § 5K2.13 ("the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants . . .").

For the foregoing reasons, the defendant has not provided sufficient evidence to warrant a downward departure pursuant to USSG § 5K2.13.

---

[4] These findings are based on Dr. Gray's observations during meetings with the defendant, which meetings occurred in 2013 and 2016. See Dkt. No. 50-1 at 2, 4-5. Dr. Gray does not clarify whether his findings about the defendant's state of mind are specifically derived from the meetings in 2013 or 2016. Regardless, the government believes that Dr. Gray's report demonstrates that the defendant understood the wrongfulness of his conduct and was able to exercise the power of reason during the pendency of the fraudulent scheme.

**III.     The Defendant Failed to Provide Evidence Warranting a Further Variance Pursuant to 18 U.S.C. § 3553(a)**

The government concurs with the defendant and Dr. Gray that the defendant has accepted responsibility, appears to be remorseful, and apparently intends to repay his victims. Indeed, the government considered each of the factors, in accordance with 18 U.S.C. § 3553(a), when the government recommended a sentencing of 50 months of incarceration, which is below the GSR of 70 to 87 months. See Dkt. No. 48 at 8-11.

The defendant has not provided new information that should warrant a further reduction to his sentence pursuant to 18 U.S.C. § 3553(a). The defendant merely provides explanations for his conduct, including his apparent dealings with "unscrupulous Jamaican borrowers" and alcohol abuse. See Dkt. No. 50 at 4, 7. Honest, law-abiding citizens are faced with difficult choices virtually every day. Instead of making the right decision when he lost investor money, the defendant knowingly chose the wrong path and committed a significant fraud. He should not now be afforded a further reduction to a prospective period of incarceration because of purported mitigating explanations.

For the foregoing reasons, the government respectfully submits that it has already addressed the factors of 18 U.S.C. § 3553(a) in its below-GSR recommendation of 50 months of incarceration and that no further variance is appropriate.

## CONCLUSION

For the reasons set forth above and in the Government's Sentencing Memorandum, the government respectfully requests that the Court impose a sentence of 50 months of incarceration, 36 months of supervised release, and restitution.

                                            Respectfully submitted,

                                            CARMEN M. ORTIZ
                                            United States Attorney

By:    /s/ Eric A. Forni
        Eric A. Forni
        Special Assistant United States Attorney

Dated: December 29, 2016

## CERTIFICATE OF SERVICE

I certify that on December 29, 2016, this document was filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                                            /s/ Eric A. Forni
                                            Eric A. Forni